# Michael Faillace & Associates, P.C.

### Employment and Litigation Attorneys

60 E. 42ⁿᵈ Street, Suite 4510                                   Telephone: (212) 317-1200
New York, New York 10165                                   Facsimile: (212) 317-1620
_____
CTucker@Faillacelaw.com

March 9, 2020

**VIA ECF**
Hon. Paul A. Engelmayer
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

        Re:        <u>Oropeza et al v. Hudson Food Market Corp. et al</u>
        CASE #:      1:19-cv-00112-PAE-KNF

Your Honor:

        This office represents the Plaintiff in the above referenced matter. We submit this letter to respectfully request that the Court approve the settlement reached between Plaintiff and Defendants.

        The Settling Parties have agreed, after extensive discussions and at Court-Ordered mediation, to a negotiated Settlement Agreement concerning federal and state wage-and-hour claims (the "Agreement"). The Settling Parties have concluded that the Agreement is fair, reasonable, adequate and in the Parties' mutual best interests. The proposed Agreement is attached hereto as **Exhibit A.** We therefore jointly and respectfully request that the Court enter an Order approving the Agreement as fair and reasonable, pursuant to <u>Cheeks v. Freeport Pancake House, Inc.</u>, 796 F.3d 199 (2d Cir. 2015), and dismissing all of Plaintiff's wage-and-hour claims with prejudice.

## I.   BACKGROUND

        Plaintiff alleged that he worked for Defendants from approximately April 3, 2017 until on or about December 30, 2018. Plaintiff further alleged that he was ostensibly employed as a delivery worker at Defendants' business, "Hudson Food Market;" however, he spent over 20% of each shift

performing the non-tipped duties described above.  He further alleged that he worked approximately 67.5 hours per week, but was paid a fixed salary of $500.00 per week.  For approximately his last week of employment, Defendants did not pay Plaintiff Oropeza any wages for his work.

Plaintiff brought this action seeking to recover unpaid minimum wages, overtime wages, spread-of-hours, liquidated damages, interest, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq. ("FLSA"), the New York Minimum Wage Act, N.Y. Lab. Law §§ 650 et seq., and Hospitality Industries Wage Orders of the New York Commission of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.2 *et seq.*

Defendants produced time-sheets, which were signed by Plaintiff, which calculated hourly pay rates and documented pay allegedly given to the Plaintiff.  Defendants also produced signed wage notices.

## II.  Settlement

In order to avoid the legal and factual risks of protracted litigation and judgment collection, the parties have agreed to an early settlement of the action for the sum of $40,000.00.  Plaintiff will received $26,387.95 and Plaintiff's counsel will receive $13,612.05 ($615.00 in costs and $12,997.05 in fees).  The agreement here is fair to Plaintiff.

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement."  Lliguichuzhca v. Cinema 60, LLC, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013) (quoting Crabtree v. Volkert, Inc., 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013)).  "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'"  *Id. (quoting* Le v. SITA Info. Networking Computing USA, Inc., 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)).  Courts consider factors including "(1) the

Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." Wolinsky, 900 F.Supp.2d at 225 (quoting Medley v. Am. Cancer Soc., No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

In the best case scenario, Plaintiff's highest possible recovery for unpaid wages and overtime was $44,281.25. That said, Defendants produced time and pay records as well as wage notices, each of which were signed by the Plaintiff. Plaintiff faced the substantial risk that Defendants would meet their burden at trial and establish that Plaintiff was paid appropriately. In that event, and after protracted litigation, the Plaintiff would recover nothing. The settlement enables all sides to avoid anticipated burdens and expenses in establishing their claims and defenses at trial. The settlement agreement is the product of arm's length bargaining between experienced counsels at a mediation through the Mediation Program of the United States District Court for the Southern District of New York. There is no possibility of fraud or collusion.

A court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" Le v. Sita Information Networking Computing USA, Inc., No. 07 Civ 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982)); see also Kopera v. Home Depot U.S.A., Inc., No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

In light of the contested factual and legal disputes, Plaintiffs believe the settlement is reasonable and should be approved.

### III. Plaintiffs' Attorneys' Fees are Fair and Reasonable

Under the Settlement Agreement herein, **Exhibit A**, Plaintiff will receive $26,387.95 and Plaintiff's counsel will receive $13,612.05 ($615.00 in costs and $12,997.05 in fees). This represents one third of the recovery in this litigation. The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit.

"Courts in this district typically approve fee requests of one-third of the total settlement amount." Williams v Argenta Inc., 2018 US Dist LEXIS 212914, at *6 [SDNY Aug. 10, 2018] (citing Thornhill v. CVS Pharmacy, Inc., No. 13 Civ. 5507, 2014 U.S. Dist. LEXIS 37007, 2014 WL 1100135, at *3 (S.D.N.Y. Mar. 14, 2014) (collecting cases)); see also Himrod v Cygnus Med., LLC, 2020 US Dist LEXIS 502, at *7 [SDNY Jan. 2, 2020] (citing Meza v. 317 Amsterdam Corp., No. 14 Civ. 9007, 2015 U.S. Dist. LEXIS 166890, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015)); See also Antonio Alonso, Plaintiff, v. Le Bilboquet NY, LLC, et al., Defendants., No. 16-CV-8448 (JMF), 2017 WL 445145, at *1 (S.D.N.Y. Feb. 1, 2017) (Granting Plaintiff's attorney one-third of the settlement amount wherein "it is consistent with a commonly approved percentage, there are no opt-in plaintiffs, the case is not a collective action, and the attorney's fee award is based on an agreement between Plaintiff and counsel")(internal citations omitted); See Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit"); Alvarez v Sterling Portfolio Inv. L.P., 2017 US Dist LEXIS 206043, at *16 [EDNY Dec. 13, 2017]) (one-third attorney fee is typical with no requirement for a lodestar cross check); See also Antonio Alonso, Plaintiff, v. Le Bilboquet NY, LLC, et al., Defendants., No. 16-CV-8448 (JMF), 2017 WL 445145, at *1 (S.D.N.Y. Feb. 1, 2017) (Granting Plaintiff's attorney one-third of the settlement amount wherein "it is consistent with a commonly approved percentage, there are no opt-in plaintiffs, the case is not a collective action, and

the attorney's fee award is based on an agreement between Plaintiff and counsel")(internal citations omitted).

Plaintiff's attorneys' lodestar amount is costs of $615.00 and attorneys' fees of $13,100.00, for a total of $ 13,715.00.  Plaintiffs' attorneys' billing records are annexed as **Exhibit B**.  The amount provided to Plaintiff's counsel under the settlement--$13,612.05--is fair and reasonable and well within the range of fees typically awarded in this Circuit. See Pinzon v. Jony Food Corp., No. 18-CV-105(RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding this firm a third, or 5.23 times the lodestar, in an early settlement and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'— particularly where such settlement has provided Plaintiff with a substantial and speedy result." (quoting Hyun v. Ippudo USA Holdings et al., No. 14-CV-8706 (AJN), 2016 U.S. Dist. LEXIS 39115, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016).; Shapiro v. JPMorgan Chase & Co., No. 11-CV-7961 (CM), 2014 U.S. Dist. LEXIS 37872, 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 21, 2014) ("Lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District."); Castaneda v. My Belly's Playlist LLC, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the Plaintiff' attorneys a contingency fee of one-third to account for risks in litigation); see also Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit.").

In light of the nature of the issues herein and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable.  Given Plaintiff's counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, Plaintiff's counsel was able to obtain a favorable pre-trial result due to the parties' cooperative exchange of information and frequent negotiations.

A brief biography of each attorney who performed billed work in this matter is as follows:

- Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C., and has been in practice since 1983. His work is billed at $450 per hour. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations. See, e.g., Manley v. Midan Rest. Inc., No. 1:14-cv-1369 (S.D.N.Y. March 27, 2017), Doc. No. 42 at *32, 35-37 (fees of $500 per hour for FLSA litigator with 34 years of experience)

- Clifford Tucker is an associate at Michael Faillace & Associates P.C. and is requesting an hourly rate of $350.00. Attorney Clifford Tucker developed a background in representing plaintiffs in personal injury and civil rights actions as an associate at: The Law Office of Richard Kenny, Bryan D. Fisher, LLC ("Fisher Injury Lawyers"), and Burns & Harris. He has managed a case load of over 100 actions from intake to verdict. He was selected to the Super Lawyers 2016 New York Metro Rising Stars list. He has taught Continuing Legal Education classes on case preparation, investigation, and discovery and assisted in teaching courses on obtaining settlement offers in personal injury actions, representing plaintiffs in motor vehicle cases, and selecting a jury in personal injury cases. He has also lectured to Veterans at the James J Peters VA Medical Center and at the Task Force of Social Workers of African Descent. Attorney Clifford Tucker graduated cum laude and with honors from Brooklyn Law School in 2013, where he was a member of the Moto Court Honor Society, Trial Division, and received the following awards: Richardson Scholarship, Academic Achievement Scholarship, Centennial Grant, Ellen Taubenblatt Harmon and Mark A. Harmon Award for Integrity and Ethics. He licensed to practice in the Southern and Eastern District of New York, the Second Circuit Court of Appeals, and in New York and New Jersey State Courts. The hourly rate compares favorably with rates that courts have approved for associates of comparable experience levels. See, e.g., Manley, supra, Doc. No. 42, at *33, 37.

- Gennadiy Naydenskiy is a 2013 graduate of the State University of New York at Buffalo Law School, admitted to the New Jersey Bar and the United States District Court, District of New Jersey, in December 2013, the New York Bar in February 2014, the United States District Court, Southern District of New York in June 2014, and the United States District Court, Eastern District of New York in July 2014. Prior to joining Michael Faillace and Associates, P.C. in August 2018, Gennadiy Naydenskiy was a solo practitioner from October 2014, focusing primarily on FLSA wage and hour cases. Prior to founding his solo practice, Gennadiy Naydenskiy was an associate for Harrison, Harrison, and Associates a boutique law firm that focus most of their practice on FLSA wage and hour individual, multi-plaintiff, collective and class actions. Additionally, prior to being an associate, Gennadiy Naydenskiy was a law clerk for Harrison, Harrison, and Associates from May 2012. My regular billing rate of $350 per hour is reflected in Exhibit B with my initials "GN."

- Paralegals at Michael Faillace & Associates, P.C. are billed at a rate of $100 per hour, well within a range of rates for paralegal work that courts have routinely approved. <u>See</u>, e.g., <u>Manley v. Midan Rest. Inc.</u>, No. 1:14-cv-1369 (S.D.N.Y. March 27, 2017), Doc. No. 42 at *37; <u>Gonzalez v. Scalinatella, Inc.</u>, 112 F. Supp. 3d 5, 29 (S.D.N.Y. 2015).

## IV. CONCLUSION

In full consideration of the issues presented in both <u>Cheeks</u> and <u>Wolinsky</u>, we believe that the parties' agreement is fair and reasonable, and that the settlement should be approved and the case dismissed with prejudice. A stipulation of Final Dismissal will be filed for so-ordering upon receipt of confirmation from the Court that the settlement has been approved. We thank the Court for the time and attention devoted to this matter.

Respectfully submitted,

By: _____*/s/ Clifford Tucker*_____
      Clifford R. Tucker, Esq.